(6 Misc. Rep. 215.)

## REMINGTON v. VAN INGEN et al.

(City Court of New York, General Term. December 8, 1893.)

CONTRACT OF HIRING—MISREPRESENTATION—EVIDENCE.

Plaintiff, on applying to defendant for work, informed him that he was then in the employ of M., that he could retain his position with M. as long as he wished, and that he was giving it up voluntarily. At the time plaintiff made such statement, no complaint had been made against him by M., and he believed the statement to be true. _Held_, that the fact that M. afterwards told defendant that he was about to discharge plaintiff for misconduct and inefficiency did not justify defendant in refusing to perform his contract to employ plaintiff.

Appeal from trial term.

Action by Otis L. Remington against Edward H. Van Ingen and David T. Leahy for breach of a contract of employment. From a

judgment in favor of plaintiff for $334.45 damages, and costs, and from an order denying a motion for a new trial, defendants appeal. Affirmed.

Plaintiff was a salesman in the employ of Macullar, Parker & Co., of Boston, and on July 16, 1893, after he had been in such employ about three years, he wrote to defendants, requesting a position with them, stating his then employment, and that he wished to make the change in order to better his condition. Defendants replied, requesting plaintiff to call to see them when he came to New York. About six weeks later, plaintiff called on defendants, and, in answer to their questions, stated that he was making the change simply to get a higher line of samples, and get with a larger house, where he thought he could make better sales and improve himself; that he could stay with Macullar, Parker & Co. if he wished, but that he had decided to leave them because he thought he could improve himself; and that he was in good standing with Macullar, Parker & Co. Afterwards, defendants offered to employ plaintiff, and he accepted the offer. When he presented himself to go to work, defendants refused to carry out the contract, stating that they had heard of certain misconduct of plaintiff. This was in consequence of a communication from Macullar, Parker & Co., stating, in answer to an inquiry, that plaintiff had been on a long spree in Cleveland, Ohio, and that they had decided to discharge him for that reason.

Argued before VAN WYCK, NEWBURGER, and McCARTHY, JJ.

Logan, Clark & Demond, for appellants.
Horwitz & Hershfield, for respondent.

McCARTHY, J. The evidence clearly shows that there was a contract entered into between these parties. The defendants are bound by their obligation, and can only avoid it by discharging the plaintiff for good cause shown, or by declaring the contract invalid by reason of false and fraudulent representations made at the time of the making of such contract, and which was the inducement in the making of the same. Fraud vitiates all contracts, no matter how solemn. The false representations must be made with intent to deceive, and known to the person making them. Mere expressions of opinion are not enough. The plaintiff, when he answered the questions of one of the defendants, had no information to the contrary, and believed them to be true. No complaint had been made up to that time, and it seems the objections afterwards made by Mr. Wesson were suggested by the fact of plaintiff being about to enter the employ of a rival. There was no evidence presented showing a false and fraudulent representation known to the plaintiff, or made with the intent to deceive, and, this being the only cause claimed by the defendant for not carrying out his contract, the trial justice was correct in directing a verdict for the plaintiff, the amount of damages being assented to. We find no errors. Judgment should therefore be affirmed, with costs. All concur.